UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ANDRE BROWN,

Plaintiff,

-against-

FRANK BISIGNANO, *Commissioner of Social Security*,

Defendant.

REPORT AND RECOMMENDATION

25-CV-2834 (NCM)(MMH)

**MARCIA M. HENRY**, United States Magistrate Judge:

Plaintiff Andre Brown sued Defendant Frank Bisignano, Commissioner of Social Security, alleging that Defendant erroneously denied his application for Social Security Disability benefits under the Social Security Act, 42 U.S.C. § 405(g). (*See generally* Compl., ECF No. 1.)[1] Before the Court is Plaintiff's motion for attorney fees for Pierre Pierre Law, P.C. ("Pierre"), pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Mot., ECF No. 12.) Defendant agrees that Pierre should be awarded the requested EAJA attorneys' fees. (Def.'s Resp., ECF No. 15.) The Honorable Natasha C. Merle referred the motion for report and recommendation. For the reasons set forth below, the Court respectfully recommends that the motion should be **granted**.

## I. BACKGROUND

As alleged in the Complaint, Plaintiff has been disabled since December 24, 2021, and is entitled to Social Security Disability benefits. (*See* Compl., ECF No. 1 ¶¶ 4–5.) Plaintiff applied for Social Security Disability benefits on July 26, 2022, and testified before an

[1] All citations to documents filed on ECF are to the ECF document number (*i.e.*, "ECF No. ___") and pagination "___ of ___" in the ECF header unless otherwise noted.

Administrative Law Judge ("ALJ") on February 14, 2024. (*Id.* ¶¶ 6–7.) The ALJ denied the application on May 24, 2024. (*Id.* ¶ 8.) Plaintiff timely requested a review of the ALJ's decision with the Social Security Administration's ("SSA") Appeals Council; on March 28, 2025, Plaintiff received notice that the Appeals Council denied his request. (*Id.* ¶¶ 9–10.)

Plaintiff retained Pierre to represent him in federal court to appeal the SSA's denial of benefits. (*See* Affirmation, ECF No. 14 ¶ 8.) On May 2, 2025, Plaintiff transferred and assigned his rights "in any and all Equal Access to Justice Act Fees due and payable to [Plaintiff] in connection with [his] Social Security case to [his] attorneys, Pierre Pierre Law, P.C., in consideration of their services in representing [him] in federal court." (Assignment, ECF No. 14-3 at 1.)

Plaintiff initiated this action on May 21, 2025, alleging that the ALJ's May 24, 2024 decision, affirmed by the Appeals Council, "was erroneous and unfounded[,]" "not supported by substantial evidence, such as that which was submitted to the Commissioner for review and presented at the Plaintiff's hearing," and "contrary to the law . . . ." (Compl., ECF No. 1 ¶¶ 12–13.) Defendant filed the administrative record on July 17, 2025, and on October 21, 2025, Plaintiff moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (*See* ECF Nos. 6, 8.) Three weeks later, the parties jointly moved to reverse the Commissioner's May 24, 2024 decision and to remand the matter to the SSA for further administrative proceedings. (ECF No. 9.) On November 17, 2025, the Court granted the joint motion and entered judgment on November 19, 2025, reversing and remanding pursuant to sentence four of 42 U.S.C. § 405(g). (*See* ECF Nos. 10–11.)

On February 17, 2026, Plaintiff moved for attorneys' fees pursuant to the EAJA. (Mot., ECF No. 12.) The Commissioner responded on February 26, 2026, stating that the parties

reached a mutual agreement regarding the requested attorneys' fees. (Def.'s Resp., ECF No. 15.) Judge Merle referred the motion for report and recommendation. (Feb. 27, 2026 Order Referring Mot.)

## II. <u>DISCUSSION</u>

The EAJA provides, in pertinent part, that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . , brought by or against the United States . . . , unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The EAJA applies to successful Social Security benefits claimants. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *see also Vincent v. Comm'r of Soc. Sec.*, 651 F.3d 299, 304 (2d Cir. 2011) ("Social Security appeals . . . predominate among the cases in which EAJA awards are made.").

Eligibility for an EAJA fee award in any civil action requires: "'(1) that the claimant be a "prevailing party"; (2) that the [g]overnment's position was not "substantially justified"; (3) that no "special circumstances make an award unjust"; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement.'" *Arnao v. Comm'r of Soc. Sec. Admin.*, No. 18-CV-6801 (KMK), 2024 WL 710410, at *2 (S.D.N.Y. Feb. 21, 2024) (quoting *Comm'r, Immigr. & Naturalization Serv. v. Jean*, 496 U.S. 154, 158 (1990), which in turn cites 28 U.S.C. § 2412(d)(1)(A)). EAJA fees are determined by the attorney's hourly rate and time expended on the case. *See Gisbrecht*, 535 U.S. at 796 (citing 28 U.S.C. §§ 2412(d)(1)(B), (d)(2)(A)). Any attorneys' fees awarded under the EAJA must be "reasonable." *Williams v. Kijakazi*, 797 F. Supp. 3d 164, 171 (E.D.N.Y. 2025) (citing 28

U.S.C. § 2412(d)(2)(A)). "'The reasonableness of [attorneys'] fees sought is a factual inquiry left to the discretion of the district court.'" *Picardi v. Comm'r of Soc. Sec.*, No. 20-CV-5315 (LJL), 2022 WL 6765792, at *1 (S.D.N.Y. Oct. 10, 2022) (quoting *Barbour v. Colvin*, 993 F. Supp. 2d 284, 289 (E.D.N.Y. 2014)).

**A. Timeliness**

"'[A] "final judgment" for purposes of 28 U.S.C. § 2412(d)(1)(B) means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received. The 30-day EAJA clock begins to run after the time to appeal that "final judgment" has expired.'" *Williams*, 797 F. Supp. 3d at 171 (quoting *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991)). "In other words, a judgment is 'final' sixty days after the Clerk enters judgment, and the motion for [attorneys' fees] must be filed no later than thirty days later." *Janes v. Saul*, No. 18-CV-5054 (GBD)(SDA), 2020 WL 5261125, at *2 (S.D.N.Y. Feb. 5, 2020) (citing Fed. R. App. P. 4(a)(1)(B) and 28 U.S.C. § 2412(d)(1)(B)), *R. & R. adopted by* 2020 WL 3056653 (S.D.N.Y. June 9, 2020).

Plaintiff timely moved for attorneys' fees. The Court reversed the Commissioner's denial of Plaintiff's benefits application on November 17, 2025 (*i.e.*, ruling in Plaintiff's favor) and the Clerk of Court entered judgment and closed the case on November 19, 2025. (ECF Nos. 10–11). The Commissioner's deadline to appeal the judgment expired on January 20, 2026, 60 days later, without any action from the Commissioner.[2] Instead, Plaintiff filed the

---

[2] Sixty days after November 19, 2025 is Sunday, January 18, 2026. The 60-day period continues to run until the end of the next day that is not a weekend or legal holiday. Fed. R. Civ. P. 6(a)(1)(C). Therefore, because Monday, January 19, 2026 is Martin Luther King, Jr.'s birthday, a legal holiday, the 60-day period ended on Tuesday, January 20, 2026. *See* Fed. R. Civ. P. 6(a)(6)(A) (defining legal holidays).

instant motion on February 17, 2026. (Mot., ECF No. 12.) The Court therefore finds that Plaintiff timely moved for EAJA attorneys' fees within the 30-day period under § 2412(d)(1)(B).

**B. Prevailing Party**

"'The United States Supreme Court has held that a remand under sentence four of 42 U.S.C. § 405(g) is a final judgment that qualifies a plaintiff for prevailing party status.'" *Williams*, 797 F. Supp. 3d at 171 (citing *McKay v. Barnhart*, 327 F. Supp. 2d 263, 266–67 (S.D.N.Y. 2004), which in turn cites *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993)). Sentence four of § 405(g) states that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Moreover, a prevailing plaintiff under the EAJA must have a net worth that does not exceed $2,000,000 as of the date the civil action is filed. *See Finch v. Saul*, No. 17-CV-892 (OTW), 2020 WL 1940308, at *2 n.2 (S.D.N.Y. Apr. 22, 2020) (citing 28 U.S.C. § 2412(d)(2)).

Plaintiff is a "prevailing party" within the meaning of the EAJA. Notably, the Commissioner correctly acknowledges that Plaintiff is a prevailing party. (Def.'s Resp., ECF No. 15 at 1.) It is undisputed that the Court's November 17, 2025 Order and the November 19, 2025 judgment reversed and remanded the Commissioner's final decision pursuant to sentence four of Section 405(g). (*See* ECF No. 10 (specifying "that on remand, the Commissioner will offer the claimant the opportunity for a hearing, take any further action needed to complete the administrative record, and issue a new decision."); *see also* ECF No. 11 ("the final decision of the Commissioner is reversed and remanded pursuant to sentence four

of 42 U.S.C. § 405(g). . . .").) Further, the record reflects that Plaintiff's net worth was less than $2,000,000 when he initiated this action, as required under 42 U.S.C. § 2412(d)(2)(B). (*See* Affirmation, ECF No. 14 ¶ 14; *see also* ECF No. 2 (Plaintiff's motion seeking leave to proceed *in forma pauperis*).) Therefore, Plaintiff satisfies the "prevailing party" requirement of § 2412(d)(1)(B).

### C. Substantial Justification

"Plaintiff's prevailing party status is only a threshold inquiry. Even as a prevailing party under the EAJA, Plaintiff will not be entitled to [attorneys'] fees if the Court finds that the Commissioner's position opposing the award of benefits was 'substantially justified.'" *Primo v. Comm'r of Soc. Sec. Admin.*, No. 17-CV-6875 (LTS), 2024 WL 4859054, at *2 (S.D.N.Y. Nov. 21, 2024) (quoting 28 U.S.C. § 2412(d)(1)(A)). The relevant "position" includes "the position taken by the United States in the civil action" and "the action or failure to act by the agency upon which the civil action is based," 28 U.S.C. § 2412(d)(2)(D), and a plaintiff must allege in the EAJA fee motion that the position of the United States was not substantially justified, *id.* § 2412(d)(1)(B). "The Commissioner bears the burden of showing that his position was 'substantially justified,' which the Supreme Court has construed to mean 'justified to a degree that could satisfy a reasonable person.'" *Ericksson v. Comm'r of Soc. Sec.*, 557 F.3d 79, 81 (2d Cir. 2009) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "Under this standard, the United States' position 'can be justified even though it is not correct, and . . . it can be substantially (*i.e.* for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.'" *Appling v. Kijakazi*, No. 21-CV-5091 (SLC), 2023 WL 4863744, at *3 (S.D.N.Y. July 31, 2023) (quoting *Pierce*, 487 U.S. at 566).

The Commissioner does not satisfy his burden to show that his position in agency proceedings or this Court was substantially justified.[3] Indeed, Defendant does not argue that his position is substantially justified or oppose Plaintiff's motion for EAJA fees and instead agrees that the requested fees are warranted. (Def.'s Resp., ECF No. 15 at 1; *see also* Stipulation, ECF No. 15-1.) Courts have found that the Commissioner's position in the litigation is not substantially justified where, as here, the government does not oppose the Plaintiff's request for EAJA fees. *See, e.g.*, *Hali M. v. Comm'r of Soc. Sec.*, No. 23-CV-818 (JJM), 2026 WL 2021371, at *1 (W.D.N.Y. July 13, 2026) (finding that the government failed to meet its burden to establish its position was substantially justified where the parties stipulated to Plaintiff's requested EAJA attorneys' fees); *Appling*, 2023 WL 4863744, at *3 ("In failing to oppose the [EAJA fees] Motion, the Commissioner has conceded that Ms. Appling is a 'prevailing party' and that the Commissioner's position in the litigation was not 'substantially justified.'") (collecting cases); *Arnao*, 2024 WL 710410, at *3 ("[T]he Court finds that the Commissioner's failure to oppose the [EAJA fees] Motion constitutes a concession that it could not meet its burden to show that its position in this case was substantially justified."). Further, Defendant agreed to seek remand only three weeks after Plaintiff moved for judgment on the pleadings, suggesting that the government did not believe its position was substantially justified. *See Soto v. Astrue*, No. 09-CV-3238 (FB), 2010 WL 2026269, at *1 & n.1 (E.D.N.Y. May 20, 2010) (finding that "[t]he Government has effectively conceded that it cannot meet this burden since it has not opposed the fee application" and

[3] Plaintiff does establish his burden to allege that the Commissioner's position was not substantially justified. (*See* Pl.'s Mem., ECF No. 13 at 2.)

because "the Government offered to remand the matter less than a month after filing its Answer.") Accordingly, the Court finds that Defendant's position was not "substantially justified" under § 2412(d)(1)(A).

**D. Special Circumstances**

"The EAJA's 'special circumstances' exception is a 'safety valve' that gives 'the court discretion to deny awards where equitable considerations dictate an award should not be made,'" even if an agency's position is not substantially justified. *Vincent*, 651 F.3d at 303 (citing *Scarborough v. Principi*, 541 U.S. 401, 422–23 (2004)); *see* 28 U.S.C. § 2412(d)(1)(A). "District courts decide whether special circumstances exist on a case-by-case basis, as the terms 'special circumstances' and 'unjust' are not statutorily defined." *Primo*, 2024 WL 4859054, at *2. The burden of establishing "special circumstances" that may justify reducing an EAJA fee award is on the government. *Ingianni v. Comm'r of Soc. Sec.*, No. 19-CV-3008 (RRM), 2022 WL 4662126, at *2 (E.D.N.Y. Sep. 30, 2022) (quoting *Salvo v. Comm'r of Soc. Sec.*, 751 F. Supp. 2d 666, 671 (S.D.N.Y. 2010), which in turn cites *Mid-Hudson Legal Servs., Inc. v. G & U, Inc.*, 578 F.2d 34, 38 (2d Cir. 1978)).

Defendant does not meet his burden to establish any special circumstances that would make an EAJA attorneys' fee award unjust. Specifically, "[t]he Commissioner does not argue that there are any special circumstances that would make an award unjust, and the Court is not aware of any." *Afriyie o/b/o D.K.B. v. Comm'r of Soc. Sec.*, No. 19-CV-4635 (JLC), 2021 WL 1178579, at *3; *see also Arnao*, 2024 WL 710410, at *3 ("[B]ased on an independent review of the record, the Court finds that 'there are no special circumstances that militate against an EAJA award.'") (citing *Patterson v. Comm'r of Soc. Sec.*, No. 20-CV-4591 (SN), 2021 WL 4125013, at *1 (S.D.N.Y. Sep. 9, 2021)); *accord Caplash v. Nielsen*, 294 F. Supp. 3d 123, 134

(W.D.N.Y. 2018) ("The Second Circuit has stated that the 'special circumstances' exception may apply 'when [a prevailing party's] own misconduct created the circumstances that led to the litigation, and when that party's contributions to the litigation's success were marginal, duplicative and unnecessary.") (citing *Vincent*, 651 F.3d at 304). Accordingly, the Court finds that there are no special circumstances under § 2412(d)(1)(A) that would warrant denial of EAJA fees in this action.

**E. Attorneys' Fees Award**

**1. Reasonableness**

Plaintiff seeks $6,498.79 in attorneys' fees for 29.38 hours expended by attorneys Eddy Pierre Pierre and Cheryl O'Brien ($248.49 per hour) and two paralegals ($100 per hour). (Mot., ECF No. 12 at 1; Affirmation, ECF No. 14 ¶¶ 9, 12; *see also* Billing Records, ECF No. 14-1.) Defendant agrees with the requested hourly rates and fees. (Def.'s Resp., ECF No. 15 at 1.)

The Court approves Plaintiff's requested hourly rates. EAJA fees "shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A); *see also Ingianni*, 2022 WL 4662126, at *2 ("This provision has been interpreted as 'build[ing] a cost-of-living escalator into the cap on recoverable fees.'") (quoting *Trichilo v. Sec'y of Health & Hum. Servs.*, 823 F.2d 702, 705 (2d Cir. 1987)). "'Cost of living adjustments may be made for inflation and calculated according to the Consumer Price Index ("CPI") for each year in which services were performed.'" *Saposnick v. Kijakazi*,

No. 23-CV-3600 (PKC), 2025 WL 373463, at *3 (E.D.N.Y. Feb. 3, 2025) (quoting *Salvo*, 751 F. Supp. 2d at 673 n.9). "Courts calculate the [cost-of-living adjustment] by multiplying the $125 statutory rate by the annual average CPI [for urban consumers] for the years in which counsel's work was performed, and then dividing by the CPI [for urban consumers] figure for March 1996, the effective date of the EAJA's $125 statutory rate." *Make Rd. New York v. Blinken*, No. 19-CV-11633 (GBD)(OTW), 2024 WL 4664712, at *13 (S.D.N.Y. Sep. 4, 2024) (citing *Cutajar v. Comm'r of Soc. Sec.*, No. 19-CV-5569 (SDA), 2020 WL 2999232, at *2 (S.D.N.Y. June 4, 2020)).

Here, Plaintiff requests a cost-of-living increase based on the CPI for New York/New Jersey in October 2025 "when the majority of work was done in federal court" (*see* Affirmation, ECF No. 14 ¶ 12), but submits the CPI for the Northeast Region to support his calculated fees (*see* CPI-U Chart, ECF No. 14-2.)[4] Given the conflicting evidence, the Court applies the cost-of-living adjustment formula for both regions in both years during which Pierre represented Plaintiff to determine the applicable hourly rates set forth below. *See Kerin v. U.S. Postal Service*, 218 F.3d 185, 194 (2d Cir. 2000) ("Using a single cap reflecting the cost of living in [one year] for [multiple] years to calculate the amount of [attorneys'] fees would result in a *de facto* award of pre-judgment interest, which would constitute an abuse of discretion.")

[4] Plaintiff also asserts that the CPI increased to 301.579 in October 2025 (Affirmation, ECF No. 14 ¶ 12), but the submitted Northeast Region data and the publicly available New York/New Jersey data do not reflect this figure.

| | New York/New Jersey[5] | Northeast[6] |
|---|---|---|
| **2025** | $259.39 | $251.21 |
| **2026** | $268.04 | $259.22 |

Pierre's requested hourly rate of $248.49 for attorney work is less than either region's adjusted rates and is well within the scope of reasonable EAJA fees after comparable cost-of-living enhancements. *See, e.g.*, *Saposnick*, 2025 WL 373463, at *3 (awarding 2024 EAJA hourly attorney rate of $249.85 based on New York/New Jersey cost-of-living increase); *Make Rd. New York*, 2024 WL 4664712, at *13 (awarding 2024 EAJA hourly attorney rate of $246.25). Moreover, the requested $100 hourly rate for paralegal work is consistent with other approved EAJA fee awards. *See, e.g.*, *Appling*, 2023 WL 4863744, at *4; *Saposnick*, 2025 WL 373463, at *4; *Ingianni*, 2022 WL 4662126, at *2.

Additionally, Pierre's expended hours to represent Plaintiff in this action are also reasonable. "Courts in this Circuit have typically held that 20 to 40 hours is a reasonable amount of time to spend on [Social Security Disability] cases." *Chadirjian v. Berryhill*, No. 17-CV-1476 (CBA), 2022 WL 4112203, at *2 (E.D.N.Y. Jan. 18, 2022) (citing *Barbour*, 993 F. Supp. 2d at 290); *see also Figueroa v. Comm'r of Soc. Sec.*, No. 22-CV-3759 (SLC), 2024 WL 5039633, at *3 (S.D.N.Y. Dec. 9, 2024) (collecting cases reflecting an average of at least 30 hours expended in Social Security appeals in district courts). Plaintiff seeks 29.38

[5] The 2025 rates for New York/New Jersey are calculated as: $125 statutory rate x (345.511 annual CPI for 2025 / 166.5 CPI for March 1996), and the 2026 rates are calculated as: $125 statutory rate x (357.025 CPI for first half of 2026 / 166.5 CPI for March 1996).

[6] The 2025 rates for the Northeast Region are calculated as: $125 statutory rate x (334.618 annual CPI for 2025 / 166.5 CPI for March 1996) and the 2026 rates are calculated as: $125 statutory rate x (345.278 CPI for first half of 2026 / 166.5 CPI for March 1996.)

total hours: 17.92 hours for attorney Cheryl O'Brien, 6.06 hours for attorney Eddy Piere Pierre, and 5.4 hours for two paralegals. (Affirmation, ECF No. 14 ¶¶ 8–9; Billing Records, ECF No. 14-1.) According to the billing records, Mr. Pierre Pierre conducted initial case assessment, supervised the brief writing for Plaintiff's Rule 12 motion, and communicated with Plaintiff and defense counsel. (Billing Records, ECF No. 14-1 at 1.) These tasks are expected in a Social Security Disability benefits action and reflect Mr. Pierre Pierre's exclusive practice in Social Security Disability law for over twenty years. (Affirmation, ECF No. 14 ¶ 3.) And while Plaintiff does not present details about Ms. O'Brien's experience, the records show that she prepared the brief for Plaintiff's Rule 12 motion that resulted in a stipulated remand, suggesting effective advocacy. (Billing Records, ECF No. 14-1 at 1.) Finally, the paralegal hours reflect routine, compensable, and non-clerical work to support the attorney staff and are reasonable. *Cf. Finch*, 2020 WL 1940308, at *6 (reducing EAJA fees award for clerical paralegal work because "[a]dministrative or clerical work is not compensable under the EAJA").

For these reasons, Plaintiff is entitled to $6,498.79 in attorneys' fees for 29.38 total hours of work pursuant to § 2412(d)(1)(B).

**2. Assignment**

"'EAJA fees are payable to litigants and are thus subject to offset where a litigant has outstanding federal debts.'" *Hali M.*, 2026 WL 2021371, at *2 (quoting *Astrue v. Ratliff*, 560 U.S. 586, 594 (2010)). "The EAJA does not, however, disturb any contractual or other assignment-based rights that 'typically confer upon the attorney the entitlement to payment of the fees award the statute confers on the prevailing litigant.'" *Make Rd. New York*, 2024 WL 4664712, at *10 (quoting *Astrue*, 560 U.S. at 598); *see also Gisbrecht*, 535 U.S. at 798 n.6

(noting that attorneys are the "real parties in interest" in fee award applications). Pursuant to the Assignment dated May 2, 2025, Plaintiff transferred and assigned his rights to EAJA fees to Pierre. (*See* Assignment, ECF No. 14-3 at 1.) The parties agree that "payment of the fees will be made directly to plaintiff's attorney if plaintiff has agreed to assign the rights to EAJA fees to plaintiff's attorney, and provided that plaintiff owes no debt that is subject to offset under the Treasury Offset Program."[7] (Stipulation, ECF No. 15-1.) Nothing in the record suggests that Plaintiff owes any debt that is subject to offset under the Treasury Offset Program. The Court therefore will honor the assignment. *Appling*, 2023 WL 4863744, at *2 n.2.

## III. CONCLUSION

For the reasons set forth above, the Court respectfully recommends that Plaintiff's motion for attorneys' fees under the Equal Access to Justice Act (ECF No. 12) should be **granted**. Specifically, (1) Plaintiff should be awarded **$6,498.79** in attorneys' fees pursuant to 28 U.S.C. § 2412(d)(1)(A) and (2) payment shall be made directly to Pierre Pierre Law, P.C. if Plaintiff owes no debt that is subject to offset under the Treasury Offset Program. Further, the parties' stipulation at ECF No. 15-1 should be so-ordered.

A copy of this Report and Recommendation is being served on the parties via ECF. Within 14 days of service, any party may serve and file specific written objections to this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Any requests for an extension of time to file objections shall be directed to Judge Merle. If a party fails to object timely to this Report and Recommendation, it waives any right to further judicial review

[7] *See* 31 U.S.C. § 3716(c)(3); 31 C.F.R. § 285.4.

of this decision. *See Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359 (2d Cir. 2025).

**SO ORDERED.**

Brooklyn, New York
August 7, 2026

/s/Marcia M. Henry
MARCIA M. HENRY
United States Magistrate Judge